```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
JOHN DOE,                                                    :
                                      Petitioner,            :   21 Civ. 5257 (LGS)
                                                             :
                -against-                                    :   OPINION AND ORDER
                                                             :
THOMAS DECKER, et al.,                                       :
                                      Respondent.            :
------------------------------------------------------------ X
```

LORNA G. SCHOFIELD, District Judge:

Petitioner John Doe is a lawful permanent resident ("LPR") from a foreign country detained by U.S. Immigration and Customs Enforcement ("ICE") under the U.S. Department of Homeland Security ("DHS") pursuant to 8 U.S.C. § 1226(c). He has been detained since December 8, 2020, pending the completion of his immigration proceedings. Petitioner filed a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and the All Writs Act, 28 U.S.C. § 1651, seeking to (1) enjoin Respondent from moving Petitioner from the New York City area while the proceedings are pending, (2) obtain a writ of habeas corpus directing Respondent to release Petitioner immediately, or in the alternative, provide Petitioner with a bond hearing and (3) award Petitioner his costs and reasonable attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. For the reasons stated below, Petitioner is entitled to an individualized bond hearing with specific procedural safeguards.

I.     BACKGROUND

In November 2019, Petitioner pleaded guilty to a federal crime and was sentenced to a term of imprisonment followed by a period of supervised release. After his release from criminal custody, he spent almost a year in the community with his family.

On December 8, 2020, ICE charged Petitioner as removable pursuant to 8 U.S.C. § 1226(c), and arrested him.  He has since been held at a federal criminal custody facility located in New York City.

On December 14, 2020, Petitioner appeared for his first hearing in front of the immigration court via video-teleconference ("VTC"), but the hearing was adjourned for Petitioner to retain counsel.  On March 15, 2021, the immigration court took testimony from Petitioner and his wife in a merits hearing, which also considered Petitioner's application for relief from deportation under the Convention Against Torture filed on February 9, 2021.

On March 19, 2021, the immigration court issued an oral decision denying Petitioner's application.  On April 2, 2021, Petitioner appealed the decision to the Board of Immigration Appeals ("BIA"), asserting that the immigration judge had failed to consider all the relevant evidence and the expert testimony in evaluating the likelihood of future torture.  As of Petitioner's last supplemental filing, the appeal remains pending.

Petitioner sought release in January, February and in or around April 2021.  All three of these applications were denied.

On June 2, 2021, Petitioner filed a writ of habeas corpus, arguing, among other things, that his prolonged detention pursuant to § 1226(c) without a bond hearing violates the Fifth Amendment's Due Process Clause.  He seeks an immediate release or a bond hearing.

II.     LEGAL STANDARD

Under federal immigration law, "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."  8 U.S.C. § 1226(a).  Certain classes of aliens are subject to mandatory detention under § 1226(c) and may not, under the text of the statute, be released until the removal

proceedings conclude. *See Jennings v. Rodriguez*, 138 S. Ct. 830, 847 (2018); *Nielsen v. Preap*, 139 S. Ct. 954, 972 (2019). Aliens subject to mandatory detention include those who have committed certain "crimes involving moral turpitude" as defined by statute, controlled substance offenses, aggravated felonies, firearm offenses, or terrorist activities. 8 U.S.C. §§ 1226(c)(1)(A)-(D). The Supreme Court has found § 1226(c) detentions to be constitutional for the "brief period necessary for their removal proceedings." *Demore v. Kim*, 538 U.S. 510, 513 (2003); *cf. Jennings*, 138 S. Ct. at 847 (denying petitioner's petition for release based on statutory grounds of § 1226(c)); *Preap*, 139 S. Ct. at 972 (same).

Congress has authorized federal district courts "to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States,'" *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)(3)), including claims by non-citizens challenging their detention without bail, *Demore*, 538 U.S. at 516-17 (2003). Here, Petitioner brings a constitutional challenge for his prolonged detention pending his removal proceeding.

Under EAJA, the prevailing party in any civil action brought by or against the United States may be entitled to attorneys' fees and other expenses unless the position of the United States was "substantially justified." 28 U.S.C. § 2412(a), (d). A habeas petition challenging immigration detention constitutes a civil action under the EAJA. *Vacchio v. Ashcroft*, 404 F.3d 663, 672 (2d Cir. 2005); *Arana v. Decker*, No. 20 Civ. 4104, 2020 WL 7342833, at *8 (S.D.N.Y. Dec. 14, 2020). "Substantially justified" means "justified to a degree that could satisfy a reasonable person[,]" and the Respondents' position meets this standard if it "had a reasonable basis in both law and fact." *Vacchio*, 404 F.3d at 674 (citation omitted); *accord Arana*, 2020 WL 7342833, at *8.

### III. DISCUSSION

Petitioner seeks an order enjoining Respondents from moving him from the New York City area while habeas proceedings are pending. Petitioner also requests that he be released, or in the alternative, receive a bond hearing with the following procedural safeguards: (1) Respondents must produce Petitioner via VTC; (2) ICE carries the burden of proof to establish by clear and convincing evidence that he poses a flight risk or a future danger to the public; (3) the adjudicator must conform to the principles of fundamental fairness and may not give undue weight to unreliable evidence; (4) the adjudicator must meaningfully consider alternatives to imprisonment such as release on recognizance, parole or electronic monitoring; and (5) the adjudicator must meaningfully consider his ability to pay if setting a monetary bond. Petitioner also seeks his costs and reasonable attorneys' fees pursuant to the EAJA. To the extent that the Petitioner seeks a bond hearing with above procedural safeguards, the Petition is granted. The Petition is otherwise denied.

### A. Petitioner's Entitlement to a Bond Hearing

Petitioner's allegations concerning the length and conditions of his detention are not opposed and therefore are accepted as true. Based on these facts, the Fifth Amendment's Due Process Clause requires that Petitioner receive a bond hearing to determine his risk of flight and dangerousness. *See Demore*, 538 U.S. at 532 (2003) (Kennedy, J., concurring) ("[S]ince the Due Process Clause prohibits arbitrary deprivations of liberty, a lawful permanent resident alien such as [Petitioner] could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified.").

"[T]here must be some procedural safeguard in place for immigrants detained for months without a hearing." *Lora v. Shanahan*, 804 F.3d 601, 614 (2d Cir. 2015), *cert. granted, judgment*

*vacated*, 138 S. Ct. 1260 (2018); *see also Sajous v. Decker*, No. 18 Civ. 2447, 2018 WL 2357266, at *6 (S.D.N.Y. May 23, 2018) ("[U]nder the Second Circuit's case law, the opinion in Lora is no longer binding but carries significant persuasive weight."); *Demore*, 538 U.S. at 513 (holding Congress "may require that [noncitizens held under § 1226(c)] be detained for the brief period necessary for their removal proceedings" (emphasis added)). "Numerous courts in this Circuit have concluded that aliens subject to mandatory detention under 8 U.S.C. § 1226(c) are entitled to individualized determinations as to their risk of flight and dangerousness when their continued detention becomes unreasonable and unjustified." *Sophia v. Decker*, No. 19 Civ. 9599, 2020 WL 764279, at *3 (S.D.N.Y. Feb. 14, 2020) (quotation marks omitted).[1]

Courts in this District consider a number of factors in determining whether detention pursuant to § 1226(c) is unreasonable and in violation of due process. These factors include: "(1) the length of time the petitioner has been detained; (2) the party responsible for the delay; (3) whether the petitioner has asserted defenses to removal; (4) whether the detention will exceed the time the petitioner spent in prison for the crime that made him removable; (5) whether the detention facility is meaningfully different from a penal institution for criminal detention; (6) the nature of the crimes committed by the petitioner; and (7) whether the petitioner's detention is near conclusion." *Cabral v. Decker*, 331 F. Supp. 3d 255, 261 (S.D.N.Y. 2018) (drawing factors

---

[1] *See, e.g.*, *Rosario v. Decker*, No. 21 Civ. 4815, 2021 WL 3115749, at *3 (S.D.N.Y. July 20, 2021); *Graham v. Decker*, No. 20 Civ. 3168, 2020 WL 3317728, at *5 (S.D.N.Y. June 18, 2020), *appeal withdrawn*, 2020 WL 8513900 (2d Cir. Dec. 1, 2020); *Black v. Decker*, No. 20 Civ. 3055, 2020 WL 4260994, at *8 (S.D.N.Y. July 23, 2020); *Doe v. Decker*, No. 20 Civ. 4232, 2020 WL 4937395, at *7 (S.D.N.Y. Aug. 21, 2020), *appeal withdrawn*, 2021 WL 1422744 (2d Cir. Jan. 19, 2021); *Arce-Ipanaque v. Decker*, No. 19 Civ. 1076, 2019 WL 2136727 (S.D.N.Y. May 15, 2019); *Joseph v. Decker*, No. 18 Civ. 2640, 2018 WL 6075067, at *10 (S.D.N.Y. Nov. 21, 2018); *Dukuray v. Decker*, No. 18 Civ. 2898, 2018 WL 5292130, at *3-4 (S.D.N.Y. Oct. 25, 2018); *Sajous v. Decker*, No. 18 Civ. 2447, 2018 WL 2357266, at *12 (S.D.N.Y. May 23, 2018); *Cabral v. Decker*, 331 F. Supp. 3d 255, 261 (S.D.N.Y. 2018).

from various cases in this District); *accord Graham v. Decker*, No. 20 Civ. 3168, 2020 WL 3317728, at *5 (S.D.N.Y. June 18, 2020) (noting that courts in this District have "overwhelmingly adopted" this analysis); *Rosario v. Decker*, No. 21 Civ. 4815, 2021 WL 3115749, at *2 (S.D.N.Y. July 20, 2021).[2]

All but the fourth factor favors Petitioner.  First, the length of detention favors Petitioner as he has been detained for approximately ten months.  Courts have found similar or shorter periods of detention to be sufficiently long to warrant a bond hearing.  *See, e.g.*, *Sophia*, 2020 WL 764279, at *4 (seven months); *Graham*, 2020 WL 3317728, at *3 (ten months); *Black v. Decker*, No. 20 Civ. 3055, 2020 WL 4260994, at *8 (S.D.N.Y. July 23, 2020) (seven months); *Doe v. Decker*, No. 20 Civ. 4232, 2020 WL 4937395, at *2 (S.D.N.Y. Aug. 21, 2020) (five months); *Dukuray v. Decker*, No. 18 Civ. 2898, 2018 WL 5292130, at *4 (S.D.N.Y. Oct. 25, 2018) (ten months); *Sajous*, 2018 WL 2357266, at *1 (eight months); *Cabral*, 331 F. Supp. 3d at 256 (seven months).

Second, there is no evidence that Petitioner has caused delays and prolonged the detention in bad faith.  The record indicates that he has diligently complied with the immigration court's deadlines.  His appeal of the order of removability was a legitimate exercise of his legal right.  *See Fortune v. Decker*, No. 19 Civ. 9740, 2019 WL 6170737, at *4 (S.D.N.Y. Nov. 20, 2019) ("Adopting such reasoning would penalize Fortune for defending herself by raising and investigating non-frivolous claims.").

---

[2] In light of *Velasco Lopez v. Decker*, 978 F.3d 842 (2d Cir. 2020), district courts apply the *Mathews v. Eldridge*, 424 U.S. 319 (1976), test when analyzing discretionary detentions pending removal pursuant to 1226(a).  *See, e.g.*, *Jimenez v. Decker*, No. 21 Civ. 880, 2021 WL 826752 (S.D.N.Y. Mar. 3, 2021).  Courts still apply the seven-factor test for mandatory detentions pending removal pursuant to 1226(c), as in this case.  *See, e.g.*, *Rosario v. Decker*, No. 21 Civ. 4815, 2021 WL 3115749, at *3 (S.D.N.Y. July 20, 2021).

Third, Petitioner has asserted a defense to his removal under the Convention Against Torture. *Sajous*, 2018 WL 2357266, at *11. Fourth, Petitioner is being held at a federal criminal correctional facility where he is experiencing conditions identical to inmates serving criminal sentences. *Graham*, 2020 WL 3317728, at *7 (finding that detention at a local criminal jail, as opposed to a civil detention facility, favors granting the Petition for bail hearing).

Fifth, according to the Executive Office for Immigration Review ("EOIR"), immigration cases that are appealed last on average of 382 days. Petitioner will likely remain in detention even longer if his case is remanded to the immigration court or if he appeals the case to the Court of Appeals for the Second Circuit. The fact that he potentially has "lengthy appeal[s] before the BIA and the Second Circuit . . . likely weighs in [his] favor. It is, at minimum, neutral." *Graham*, 2020 WL 3317728, at *7 (internal quotation marks omitted).

Finally, although Petitioner was convicted for a crime specifically listed in § 1226(c), the circumstances of his involvement likely favors Petitioner or, at minimum, is neutral.

The only factor weighing against Petitioner is that his criminal custody of eighteen months is longer than his immigration detention of ten months. In light of these factors, Petitioner's continued detention without an individualized bond hearing violates his Due Process rights. *See Constant v. Barr*, 409 F. Supp. 3d 159, 171 (W.D.N.Y. 2019) ("[D]ue process requires that [Petitioner] be given a bond hearing where an individualized determination can be made as to whether he should remain confined for the duration of his immigration proceedings."). The Court's reasoning is consistent with the Second Circuit's recent holding in *Velasco Lopez v. Decker*, 978 F.3d 842, 857 (2d Cir. 2020) (affirming district court's order for a bond hearing at which the Government was required to show by clear and convincing evidence that the immigrant detained under 1226(a) was either a flight risk or a danger to the community).

Respondents argue that mandatory detention without a bond hearing is necessary for ensuring that aliens appear at future immigration proceedings and communities are protected from aliens who have already committed serious crimes. These arguments are inapposite at this stage and may be raised at the bond hearing.

### B. Conditions of Petitioner's Bond Hearing

Petitioner seeks the following procedural safeguards at the bond hearing: (1) Respondents must produce Petitioner via VTC; (2) ICE carries the burden of proof to establish by clear and convincing evidence that he poses a flight risk or a future danger to the public; (3) the adjudicator must conform to the principles of fundamental fairness and may not give undue weight to unreliable evidence; (4) the adjudicator must meaningfully consider alternatives to imprisonment such as release on recognizance, parole or electronic monitoring and (5) the adjudicator must meaningfully consider his ability to pay if setting a monetary bond.

"The vast majority of courts in this Circuit to have considered [the proper standard of proof in a bond hearing for a petitioner detained pursuant to § 1226(c)] have found that imposing a clear and convincing standard [on the Government] would be most consistent with due process." *Constant*, 409 F. Supp. 3d at 172 (collecting cases); *see also Sajous*, 2018 WL 2357266, at *12 (collecting cases). Other courts have also determined that due process requires the adjudicator "to consider ability to pay and alternative conditions of release in setting bond." *Constant*, 409 F. Supp. 3d at 172; *see also Hernandez v. Sessions*, 872 F.3d 976, 991 (9th Cir. 2017) ("A bond determination process that does not include consideration of financial circumstances and alternative release conditions is unlikely to result in a bond amount that is reasonably related to the government's legitimate interests."). These procedural safeguards -- a clear and convincing standard of proof, and consideration of the ability to pay and alternative

8

conditions of release -- are conditions most often ordered as constitutionally necessary. *See, e.g., Sanchez v. Decker*, 431 F. Supp. 3d 310, 316-17 (S.D.N.Y. 2019) (collecting cases); *Arce-Ipanaque v. Decker*, No. 19 Civ. 1076, 2019 WL 2136727, at *3 (S.D.N.Y. May 15, 2019) (collecting cases).

The following conditions shall apply to Petitioner's individualized bond hearing: (1) the hearing shall take place within fourteen (14) calendar days from the date this order is docketed; (2) Respondent shall produce Petitioner in person, via VTC or telephone conference as provided by law, *see* 8 U.S.C. § 1229a(b)(2)(A); 8 C.F.R. § 1003.25(c); (3) DHS bears the burden of proof to establish by clear and convincing evidence that Petitioner poses a flight risk or a future danger to the public; (4) the adjudicator shall meaningfully consider alternatives to imprisonment such as (though not exclusively) release on recognizance, parole, or electronic monitoring; and (5) the adjudicator shall meaningfully consider Petitioner's ability to pay if a monetary bond is set.

### C. Other Applications

The applications in the Petition are denied except as provided above. Petition's request for costs and attorneys' fees is denied. Respondents' position was "substantially justified" when the Petition was brought. *See* 28 U.S.C. § 2412.

### IV.   CONCLUSION

For the foregoing reasons, the Petition for a Writ of Habeas Corpus is GRANTED in part and DENIED in part. Within fourteen calendar days from the docketing of this Order, Respondents shall provide an individualized bond hearing to Petitioner to determine whether his detention is justified, and within one business day thereafter shall advise the Court of the outcome of the hearing. The bond hearing must include the procedural safeguards described in

this Opinion. Should Respondents fail to provide such a hearing, Respondents shall release Petitioner from detention within fourteen calendar days from the docketing of this Order.

Dated: November 3, 2021
      New York, New York

                                          LORNA G. SCHOFIELD
                                  **UNITED STATES DISTRICT JUDGE**