```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
JOHN DOE,                                          :
                                    Petitioner,    :
                                                   :
               -against-                           :        21 Civ. 5257 (LGS)
                                                   :
THOMAS DECKER, et al.,                             :        ORDER
                                    Respondents,   :
------------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on November 3, 2021, the Court granted in part and denied in part Petitioner's writ of habeas corpus (the "November 3, 2021, Order"). The November 3, 2021, Order, found that Petitioner's § 1226(c) detention without a bond hearing was unreasonable and in violation of due process. Respondents were ordered to "provide an individualized bond hearing to Petitioner to determine whether his detention is justified."

WHEREAS, on October 29, 2021, Board of Immigration Appeals ("BIA") affirmed Petitioner's removal order and rendered his removal order "administratively final." On November 3, 2021, Respondents filed a letter, arguing that the November 3, 2021, Order is moot because Petitioner was no longer detained under 8 U.S.C. § 1226 but instead under 8 U.S.C. § 1231. On November 4, 2021, the Court ordered a stay of the bond hearing.

WHEREAS, on November 2, 2021, Petitioner filed a Petition for Review with the Second Circuit ("PFR"). On November 5, 2021, Petitioner filed a Motion to Stay Removal in connection with the PFR. Under the Second Circuit's forbearance policy for aliens who file PFRs and move to stay removal after being ordered removed (the "Forbearance Policy"), Petitioner may not be removed while his motion to stay is pending. *See In re Immigration Petitions*, 702 F.3d 160, 162 (2d Cir. 2012); *accord Aguilar v. Decker*, 482 F. Supp. 3d 139, 146 (S.D.N.Y. 2020). At the

Court's direction, Petitioner responded on November 8, 2021.  Petitioner contends that, even though BIA affirmed Petitioner's removal order, Petitioner's detention is still governed by § 1226 because he filed a PFR and his removal was stayed pursuant to the Forbearance Policy.  Petitioner seeks to lift the stay of the bond hearing.

WHEREAS, Respondents replied on November 10, 2021.  Respondents maintain that, after BIA affirmed Petitioner's removal order, § 1231 began to govern his detention.  Respondents argue that Petitioner's filing of a PFR and stay of removal pursuant to the Forbearance Policy did not alter the nature of his detention and that the November 3, 2021, Order is moot.

WHEREAS, at issue here is whether Petitioner's detention while his removal is stayed pursuant to the Forbearance Policy is governed by § 1226 or § 1231.  The Petitioner's detention before BIA's final order on October 29, 2021, was governed by § 1226(c).  For substantially the reasons explained in the November 3, 2021, Order, Petitioner would be entitled to a bond hearing if the Petitioner's detention is still governed by § 1226; if it is governed by § 1231, he would not be entitled to a bond hearing.

Section 1231's "removal period" begins after the latest of (i) "the date the order of removal becomes administratively final," (ii) "[i]f the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order" or (iii) "[i]f the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement."  § 1231(a)(1)(B).  Detention during the "removal period" is governed by § 1231(a)(2).  § 1231(a)(2).

Petitioner argues that the stay of his removal pursuant to the Forbearance Policy is a "court-ordered stay."  And because his removal order is being judicially reviewed, § 1226 would

continue to govern his detention until the date of the Second Circuit's final order under § 1231(a)(1)(B)(ii). Respondents argue that the Forbearance Policy is not a court-ordered stay, and because Petitioner's removal was made administratively final, § 1231(a)(2) governs his detention.

WHEREAS, in *Hechavarria v. Sessions*, 891 F.3d 49 (2d Cir. 2018), the Second Circuit held that, where the alien subject to a final removal order filed a PFR and the Second Circuit *formally* granted the alien's motion to stay the removal pending review, the alien's detention was governed by § 1226 rather than § 1231. *Hechavarria*, 891 F.3d at 58. The Second Circuit did not reach the question of whether detention during the stay of removal under the Forbearance Policy is covered by § 1226 or § 1231. *Hechavarria*, 891 F.3d at 54 n.3.

WHEREAS, although the Second Circuit has left open this issue, "the overwhelming majority of courts in this Circuit have found that the [Forbearance Policy] amounts to a 'court ordered stay of removal of the alien' and that detainees with a pending petition for review are detained pursuant to [9 U.S.C.] § 1226." *Rodriguez Sanchez v. Decker*, 431 F. Supp. 3d 310, 314 (S.D.N.Y. 2019).[1] Unlike a removal pursuant to § 1231, Petitioner's removal here is neither "imminent [nor] certain." *Hechavarria*, 891 F.3d at 55. Section 1226(c) governs Petitioner's detention.

WHEREAS, Respondents' arguments are unavailing. Respondents cite only a handful of

---

[1] *See, e.g., Abdelwahab v. Barr*, No. 21 Civ. 6072, 2021 WL 2550820, at *3 (W.D.N.Y. June 22, 2021); *Figueroa v. Garland*, No. 20 Civ. 6677, 2021 WL 1602761, at *2 (W.D.N.Y. Apr. 26, 2021); *Aguilar*, 482 F. Supp. 3d at 146; *Falodun v. Session*, No. 18 Civ. 6133, 2019 WL 6522855, at *5 (W.D.N.Y. Dec. 4, 2019); *Thomas v. Whitaker*, No. 18 Civ. 6870, 2019 WL 1641251, at *3 (W.D.N.Y. Apr. 16, 2019); *Fremont v. Barr*, No. 18 Civ. 1128, 2019 WL 1471006, at *2-3 (W.D.N.Y. Apr. 3, 2019); *Alexandre v. Decker*, No. 17 Civ. 5706, 2019 WL 1407353, at *5 (S.D.N.Y. Mar. 28, 2019); *Hemans v. Searls*, No. 18 Civ. 1154, 2019 WL 955353, at *3 (W.D.N.Y. Feb. 27, 2019); *Sankara v. Whitaker*, No. 18 Civ. 1066, 2019 WL 266462, at *4-5 (W.D.N.Y. Jan. 18, 2019).

cases, which are in the minority.² Respondents' assertion that the Forbearance Policy is not a "court-ordered stay of removal, and thus does not fall within the plain text of the statute," is unpersuasive. Given "the structure and logic" of § 1231, *Hechavarria*, 891 F.3d at 55, and the practical reality that the Forbearance Policy is a "very clear impediment" to Petitioner's immediate removal, *Hechavarria*, 891 F.3d at 57, removal stayed by the Forbearance Policy should be governed by § 1226. For the foregoing reasons, it is hereby

**ORDERED** that the stay of Court's order dated November 4, 2021, is lifted. Within fourteen calendar days from the docketing of this Order, Respondents shall provide an individualized bond hearing to Petitioner to determine whether his detention is justified, and within one business day thereafter shall advise the Court of the outcome of the hearing. The bond hearing must include the procedural safeguards described in the November 3, 2021, Order. Should Respondents fail to provide such a hearing, Respondents shall release Petitioner from detention within fourteen calendar days from the docketing of this Order.

Dated:   November 19, 2021
         New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

---

² *See, e.g.*, *Brathwaite v. Barr*, 475 F. Supp. 3d 179, 189 (W.D.N.Y. July 31, 2020) (finding that the Forbearance Policy is not a formal stay, and therefore, § 1231 applies to detentions at issue); *Narain v. Searls*, No. 19 Civ. 6361, 2020 WL 95425, at *4-5 (W.D.N.Y. Jan. 8, 2020); *Cazahuatl Torres v. Decker*, No. 18 Civ. 10026, ECF No. 31 (S.D.N.Y. May 15, 2019) (memo endorsement)