> Application **DENIED** as moot. By **September 18, 2024**, the parties shall meet and confer for any remaining issues given the partial vacatur of the judgment at Dkt. 41, and propose next steps in a joint letter.
>
> Dated: September 3, 2024
> New York, New York
>
> *LORNA G. SCHOFIELD*
> **UNITED STATES DISTRICT JUDGE**

June 25, 2024

**By ECF**
Hon. Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re: **Doe v. Decker et al., No. 21-cv-5257 (LGS)
Request to permit time to file motion at Second Circuit**

Dear Judge Schofield:

Brooklyn Defender Services writes on behalf of Mr. Doe in the above-captioned case to update the Court following the Second Circuit's remand, and request that the Court provide time for Mr. Doe to file appropriate motions with the Second Circuit prior to entering vacatur in this case. Counsel for the government consents to this request.

**Procedural Background**

Mr. Doe filed this action in 2021, which was a prolonged-detention habeas petition, arguing that his continued detention by Immigration and Customs Enforcement (ICE) pursuant to 8 U.S.C. § 1226(c) without a bond hearing violated due process. This Court granted the petition, ordering that ICE provide Mr. Doe with an individualized bond hearing; the hearing was held, and Mr. Doe was released on supervision with an electronic ankle monitor. *See* ECF Doc. 39 (November 3, 2021 order granting a bond hearing); ECF Doc. 37 (November 19, 2021 order lifting stay of November 3, 2021 order); ECF Doc. 41 (Judgment). As a result of that bond hearing, Mr. Doe remains released on supervision to this day, subject to the ankle monitor and other check-in requirements with ICE.

The government appealed this Court's decision, solely with respect to the Court's finding that 8 U.S.C. § 1226(c) continued to apply to Mr. Doe while his petition for review was pending with the Second Circuit and his removal was stayed by forbearance. *See Doe v. Decker*, Case No. 22-489, Appellant's Br., ECF No. 16 at 4. The government did not appeal this Court's ruling that detention under 8 U.S.C. § 1226(c) had become prolonged and required a bond hearing. Subsequently, on May 14, 2024, the Second Circuit granted Mr. Doe's pending petition for review, remanding his removal proceedings to the Board of Immigration Appeals. *See Doe v. Garland*, No. 21-6574, ECF No. 77. That same day, in the appeal in this case, the Circuit ordered



the parties to address whether the government's appeal was moot following its decision in *Doe v. Garland*. *See Doe v. Decker*, Case No. 22-489, ECF No. 84.

Both the government and petitioner Doe agreed that the government's appeal was moot, because the applicable detention authority was now indisputably 8 U.S.C. § 1226(c) following the remand of the removal proceedings to the BIA. *See* Gov't Letter, *Doe v. Decker*, Case No. 22-489, ECF No. 89; Doe Letter, *Doe v. Decker*, Case No. 22-489, ECF No. 90.

On June 21, 2024, the Second Circuit issued an order dismissing the government's appeal in this case as moot. The Second Circuit also, however, directed this Court to vacate judgment in this case and dismiss Mr. Doe's habeas petition as moot. Neither party had requested that judgment in this case be vacated, or that Mr. Doe's habeas petition was moot. Mr. Doe's position is that vacatur of the judgment is not warranted, as the government did not appeal the Court's decision that due process required a bond hearing under 8 U.S.C. § 1226(c). And the petition is not moot because Mr. Doe continues to be subject to 8 U.S.C. § 1226(c) and remains at liberty as a result of the writ issued in this case ordering a bond hearing. *See Black v. Decker*, No. 20-3224, 2024 WL 2789282, at *1 (2d Cir. May 31, 2024) (finding due process required a bond hearing under section 1226(c), and that habeas petition was not moot, even where a petitioner had been released from immigration detention on other grounds, "because ICE has not disclaimed its intent or the requirement to detain him").

**Request for time to file motion at the Second Circuit prior to entering vacatur**

Petitioner Doe thus requests that before this Court enter vacatur, the Court permit time for any appropriate motions to be filed at the Second Circuit requesting rehearing and/or amendment of its order. Counsel for the government, through Assistant U.S. Attorney Anthony Sun, consents to our request. Under Second Circuit rules, Petitioner Doe has fourteen days to file such a motion. *See* Fed. R. App. P. 27 (motions); Second Circuit Local Rule 27.1(g) ("A motion for reconsideration of an order under FRAP 27(b) must be filed within 14 days after the date of the order."); Fed. R. App. P. 40 (petition for panel rehearing "may be filed within 14 days after entry of judgment").

Counsel can provide the Court updates and copies of any relevant filings in the Court of Appeals. I thank the Court for its consideration of this request.

             Sincerely,

               /s/Alexandra Lampert
             Alexandra Lampert
             Brooklyn Defender Services
             347-977-7701
             alampert@bds.org